## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABDULAH FAROOQ | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 26-437-GBW-SRF |
| v. | ) | |
| | ) | |
| WARDEN PARKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

AT WILMINGTON, on this 13th day of May 2026, having reviewed and considered *pro se* Plaintiff Abdulah Farooq's emergency motion for a temporary restraining order, a preliminary injunction and declaratory judgment (D.I. 7), the court proceeds to make recommendations as follows:

WHEREAS, according to Plaintiff's complaint, Plaintiff's name change was intentionally obstructed, Plaintiff has been denied access to religious services and a Halal diet, and Plaintiff alleges being placed in danger because of Plaintiff's religious beliefs. (D.I. 2 at 6);

WHEREAS Plaintiff seeks declaratory judgment, a temporary restraining order ("TRO") and/or preliminary injunction to have their Islamic name placed on their prison identification card and be permitted to attend "Jumah"[1] until the remainder of the instant case is heard. (D.I. 7 at 1-2);

WHEREAS this court generally only issues a preliminary injunction upon notice to the adverse party, see Fed. R. Civ. P. 65(a)(1);

WHEREAS a temporary restraining order may be issued without written or oral notice to Defendants or their counsel, but Plaintiff must first provide "specific facts in an affidavit or verified

---

[1] "Jum'ah (Jumah), refers to when Muslims gather for congregational worship during Friday midday prayer time." https://pluralism.org/jum%E2%80%99ah-the-friday-prayer.

1

complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to [Plaintiff] before [Defendants] can be heard in opposition," Fed. R. Civ. P. 65(b)(1)(A);

WHEREAS Plaintiff must also "certify in writing any efforts made to give notice and the reasons why it should not be required," Fed. R. Civ. P. 65(b)(1)(B);

WHEREAS Defendants have not been served in this case, and Plaintiff has not provided certification of efforts undertaken to inform Defendants of Plaintiff's motion or reasons why such should not be required;

WHEREAS "TROs are ordinarily aimed at temporarily preserving the status quo." *Hope v. Warden York Cty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020). Plaintiff's requested relief goes beyond maintaining the status quo, it requires action to change the name on an identification document used in a state correctional facility. Thus, a TRO is not appropriate;

WHEREAS without undermining the seriousness of Plaintiff's claims regarding their name change and religious requests, Plaintiff has not alleged specific facts sufficient to clearly show that immediate and irreparable injury, loss, or damage will occur. *See NutraSweet Co. v. Vit–Mar Enters., Inc.,* 176 F.3d 151, 153 (3d Cir. 1990) (holding "failure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate;")

WHEREAS this court can only grant declaratory relief when there is a justiciable controversy. *See, e.g., Wyatt, V.I., Inc. v. Government of Virgin Islands,* 385 F.3d 801, 805–06 (3d Cir.2004). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Plaintiff does not plead actual injury and merely speculates about what could happen to them if there is not recognition of Plaintiff's Islamic name.  (D.I. 7 at 1) *See Abraham v. Delaware Dep't of Corr.,* 331 F. App'x 929, 932 (3d Cir. 2009) (noting that speculation does not show an actual controversy justifying declaratory relief.)

THERFORE the court recommends that Plaintiff's emergency motion for a temporary restraining order, a preliminary injunction and declaratory judgment be **DENIED**. (D.I. 7) It is further recommended that the court issue an Order in the form set forth below:

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.    The Report and Recommendation issued on May __, 2026, is **ADOPTED**.

2.    Plaintiff's Emergency Motion is **DENIED**.  (D.I. 7)

The parties may file written objections to this Order within fourteen (14) days after being served with a copy of this Order. *See* Fed R. Civ. P. 72(a); *see also* Fed R. Civ. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to ten (10) pages each. The failure of a party to object maty result in the loss of the right to appellate review. *See United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Circ. 1987); *Bello v. United Pan Am. Fin, Copr.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan 23, 2025).

This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).  The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

Dated: May 13, 2026

3